*J. A. Monsees, J. C. Estes,* contra.

---

7022.  BUXTON *et al.* v. FULCHER.

The statutory provisions as to the levy of an attachment on the defendant's shares in a corporation (Civil Code of 1910, § 5080) require that the levying officer shall indorse on the attachment an entry of his levy on the shares, and forthwith serve upon the president of the corporation a copy of the attachment so indorsed.  A motion to dismiss the attachment, because it did not appear that such service was made, should have been sustained in this case.

DECIDED SEPTEMBER 15, 1916.

Attachment and claim; from city court of Waynesboro—Judge W. H. Davis.  October 27, 1915.

*E. V. Heath,* for plaintiffs in error.  *H. J. Fullbright,* contra.

HODGES, J.  1. Fulcher sold to Buxton certain shares of the capital stock of the First National Bank of Waynesboro, Georgia. Buxton canceled the stock certificates transferred to him and had new stock issued in his own name.  He borrowed money from Blocker, giving a note for $800, and shortly thereafter delivered to Blocker the stock certificates, without making a written transfer or signing the transfer on the back of the certificates.  The certificates stated that they were "transferable only on the books of the corporation."  The books were at that time in Buxton's charge. Fulcher became uneasy about the purchase-money and offered to surrender his note and take back the stock.  It is alleged that Bux-

ton agreed to this, saying that he would give the matter that direction as soon as he could see Blocker and get the certificate. The purchase-money note having matured and this alleged promise not being carried out, Fulcher sued out an attachment for the purchase-money, and, learning that the stock was among the papers of Buxton at the First National Bank of Waynesboro, caused the sheriff to go to the bank, seize the stock, and make an entry of levy upon the attachment. It was contended that Blocker was holding the stock for Buxton. Blocker filed a claim to the stock, and Buxton filed a traverse denying that the stock was held by Blocker for his (Buxton's) benefit, but admitted that he owed the debt. The cases were tried together, by consent. The court refused to dismiss the attachment, upon grounds urged by Buxton and Blocker, and in each case directed a verdict for the plaintiff. The grounds of the motion to dismiss the attachment were, substantially, that no legal levy was made, because the sheriff did not make an entry that he had served the president of the bank, and there was no evidence of any service upon the corporation; that, under the Federal laws, property of a national bank is not subject to attachment until after final judgment; and that the certificate of stock levied upon was not the certificate purchased from plaintiff.

The court erred in not sustaining the motion to dismiss the attachment, and in thereafter directing a verdict for the plaintiff. The so-called levy failed to comply with section 5080 of the Civil Code, which reads as follows: "When the process of attachment shall issue against a party who shall have or own any interest, or an amount of shares, in any corporation in this State, the same may be attached in the following manner: The officer in whose hands the attachment is placed shall indorse an entry thereon of his levy on the corporate shares or interest of the defendant, and shall forthwith serve a copy of the attachment so indorsed upon the president of the corporation, at the office of the company, or by leaving the same at the usual or most notorious place of doing the business of such company, which entry and service shall amount to and be considered a seizure of said corporate interest or shares, to all intents and purposes, and under an execution issued on such attachment they may be sold as in other cases of ordinary execution." This court is of the opinion that the judge erred in failing to dismiss the attachment, upon the ground that the sheriff did not

"forthwith serve a copy of the attachment so indorsed upon the president of the corporation." This section of the code seems to be controlling, it being mandatory in its nature. The remaining grounds of alleged error are not considered. The court erred in directing a verdict. *Judgment reversed.*